UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DAVID BRON EATON,

    Plaintiff,

v.                                           Case No. 10-02280

TARGET CORP.,

    Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant Target Corp.'s motion for summary judgment in this slip-and-fall, premises liability action. Plaintiff David Eaton has responded in opposition,[1] and the court determines that a motion hearing would be neither helpful nor necessary. *See* W.D. Tenn. LR 7.2(d). Because Plaintiff has not shown a genuine issue of material fact with respect to whether Defendant caused or knew about the dangerous condition at issue, the court will grant the motion.

**I. BACKGROUND**

On the afternoon of March 11, 2009, Sylvia Wall and Plaintiff, her son, were shopping together at a Target Superstore in Cordova, Tennessee. (Statement Undisputed Facts ¶¶ 1, 3, Dkt. # 24-2.) While walking through the store, Wall, who was ninety years old at the time, slipped and fell, sustaining a concussion and a small

---

[1] The entirety of Plaintiff's response is a one-page "brief" speculating about the origin of the dangerous condition. It neither cites legal authority nor references any concrete evidence to support this argument. In the court's view, this filing is tantamount to a concession of Defendant's motion. Nevertheless, the court also finds that the motion should be granted on the merits.

laceration to her hand.  (*Id.* ¶ 4; Am. Compl. ¶¶ 6, 8, Dkt. # 7.)  Plaintiff, who was pushing a shopping cart several feet ahead of Wall, did not notice anything on the ground as he walked and did not witness Wall's fall.  (Statement Undisputed Facts ¶¶ 4-5.)  While helping Wall up, Plaintiff noticed a "slick, wet or sticky" substance "on the floor near where [Wall] fell," which he described as a "clear liquid" covering a "very small area"; Plaintiff also felt "some wetness" on Wall's pant leg and shoe.  (*Id.* ¶ 6; Eaton Dep. 24:19-25:23, Aug. 25, 2011, Dkt. # 24-3.)  At the time of the accident, Plaintiff and Wall were twenty to thirty yards away from a snack bar dispensing water and selling soda.  (Eaton Dep. 19:8-12.)  After Wall's fall, a Target employee, David Dettelbach, mentioned that the floors had been waxed that morning.  (Statement Undisputed Facts ¶ 8; Eaton Dep. 28:18-19.)

Over the course of the next year, Wall's health deteriorated, and she passed away from respiratory problems on February 14, 2010.  (Eaton Dep. 41:1-44:2.)  On March 11, 2010, Plaintiff filed a complaint on Wall's behalf against Defendant in Shelby County Circuit Court, which Defendant removed to this court based on diversity-of-citizenship jurisdiction.  *See* 28 U.S.C. § 1332.  Plaintiff claims Defendant's negligence caused the dangerous condition—the puddle of liquid—that caused Wall to fall.  (Am. Compl. ¶ 7.)  He seeks damages related to the head injury suffered by Wall, which he alleges contributed to her death.  (*Id.* ¶¶ 8-9.)

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When

deciding a motion for summary judgment, the court "is not to 'weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* at 497 (quoting *Anderson*, 477 U.S. at 251-52). "The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [movant] is entitled to a verdict . . . ." *Anderson*, 477 U.S. at 252.

The party seeking summary judgment has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. It is not enough for the nonmovant to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmovant must sufficiently allege a fact that, if proven, "would have [the] effect of establishing or refuting one of essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469 (6th Cir. 2007) (alteration in original) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)) (internal quotation marks omitted).

Both parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Alternatively, either party may carry its burden by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(B). "The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan*, 342 F.3d at 497 (citing *Matsushita*, 475 U.S. at 587).

### III.  DISCUSSION

Under Tennessee law, a plaintiff must prove the following five elements in order to establish a negligence claim: (1) duty of care owed to plaintiff by defendant, (2) breach of duty, (3) injury, (4) cause in fact, and (5) proximate cause. *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005). If the negligence claim arises in a premises liability context, a plaintiff must also prove either that "the condition [that led to the plaintiff's injury] was caused or created by the owner, operator, or his agent," or "if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). Summary judgment is appropriate because Plaintiff has not provided sufficient evidence concerning the origin of the liquid on which Wall may have slipped. Without this evidence, he cannot prove that Defendant caused or was aware of the condition of the floor.

In arguing that Defendant is responsible for the liquid on which Wall slipped, Plaintiff advances two theories: (1) Wall slipped on wax applied to the floor by

Defendant or Defendant's agent earlier in the day, (Am. Compl. ¶ 7), or (2) Wall slipped on liquid purchased at a snack bar operating in the vicinity of the accident, (Pl.'s Resp. to Def.'s Mot. Summ. J. 1, Dkt. # 28).  Neither will carry the day.

      Plaintiff's evidence linking the floor waxing to Wall's fall is insufficient.  Although a Target employee told Plaintiff that the floors had been recently waxed, Plaintiff provides no evidence that it was wax on which Wall actually slipped or that a "waxed" floor is an improperly maintained, or slippery, floor.  At deposition, he testified that he has no knowledge concerning the origin of the liquid he noticed, nor does he have any information indicating that the earlier application of the wax "contributed in any way" to Wall's fall.  (Eaton Dep. 29:5-13.)  Moreover, Brenda Lewis, a Target employee, stated at deposition that she was unaware of any previous person who had fallen because of wax on the floor.  (Statement of Undisputed Facts ¶ 9; Lewis Dep. 27:11-14, Aug. 25, 2011, Dkt. # 24-4.)  Merely asserting the possibility that wax contributed to the accident does not satisfy Plaintiff's burden to present "specific facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).  Without evidence that the wax contributed to Wall's fall, Plaintiff cannot charge Defendant with causing or having actual or constructive knowledge of the dangerous condition.

      Plaintiff has also failed to substantiate his claim that Target bears responsibility for Wall's fall due to its operation of a snack bar near where the accident occurred.  According to Plaintiff, the fact that liquid was felt on Wall's pants and shoes plus the fact that Wall fell relatively near a snack bar "raises the possibility that a clear liquid was purchased at the snack bar and spilled upon the floor before Ms. Wall fell."  (Resp. 1.)

5

As with his claim that Wall slipped on wax, Plaintiff's assertion that Wall *may* have slipped on liquid sold by Defendant does not satisfy Plaintiff's burden to avoid summary judgment. Plaintiff must do more than make assertions of hypothetical possibilities, he must provide actual evidence justifying his claims. *See Matsushita*, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphyscial doubt as to the material facts." (footnote omitted)). This theory retains the same shortcomings of Plaintiff's slippery-wax theory—the origin of the floor condition is unclear, and Defendant cannot be charged with actual or constructive knowledge in light of this uncertainty.

      Plaintiff has provided no evidence establishing what exactly caused Wall to fall. In fact, when asked at deposition how large the wet spot on which Wall slipped had been, where it came from, and if Defendant's employees were aware of it, Plaintiff stated that he did not know. (*Id.* at 26:20-27:5.)   Absent such evidence, he cannot prove that Defendant either caused or was aware—actually or constructively—of the condition that led to the accident. *See Basily v. Rain, Inc.*, 29 S.W.3d 879, 884-85 (Tenn. Ct. App. 2000) (granting summary judgment for defendant when plaintiff presented no concrete evidence concerning the condition that led to plaintiff's accident); *Hardesty v. Serv. Merch. Co.*, 953 S.W.2d 678, 683 (Tenn. Ct. App. 1997) ("Where there is a complete absence of proof as to when and how the dangerous condition came about, it would be improper to permit the jury to speculate on these vital elements." (collecting cases)). Plaintiff's motion for summary judgment will therefore be granted.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's motion for summary judgment [Dkt. # 24] is GRANTED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: June 8, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 8, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522